IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DARRON GOODS, | * | |
| Petitioner, | * | Civil Action No. RDB-20-3118 |
| v. | * | Crim. Action No. RDB-06-0309 |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

In 2009, *pro se* Petitioner Darron Goods ("Goods" or "Petitioner") and two co-defendants were tried together and convicted of multiple charges arising from their involvement in a drug-trafficking organization in Baltimore.[1] Subsequently, the court sentenced Petitioner to life imprisonment for those crimes. (ECF No. 366.) On appeal, the United States Court of Appeals for the Fourth Circuit affirmed this Court's Judgment. (ECF No. 429); *United States v. James Dinkins, Melvin Gilbert, and Darron Goods*, 691 F.3d 358, 362 (4th Cir. 2012).

Currently pending before this Court is Petitioner's *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (ECF No. 597.) The Government has filed a Response in opposition. (ECF No. 606.) Petitioner was given 28 days following the Government's Response to file a Reply, but he did not do so. (ECF No. 599.) The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md.

---

[1] This case was originally assigned to the Honorable J. Frederick Motz and was subsequently reassigned to the undersigned on July 16, 2018.

1

2018). For the reasons that follow, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 597) is DENIED.

## BACKGROUND

The facts of this case were summarized in the United States Court of Appeals for the Fourth Circuit's published opinion, *United States v. James Dinkins, Melvin Gilbert, and Darron Goods*, 691 F.3d 358 (4th Cir. 2012). In brief, on November 13, 2007, Goods was charged in a Fourth Superseding Indictment with crimes related to his involvement in a Baltimore City drug-trafficking organization known as "Special." (ECF No. 100.); *United States v. Dinkins*, 691 F.3d at 362. Included among these charges was that, on Thanksgiving Day in 2006, co-defendant Melvin Gilbert and Petitioner Goods shot and murdered a person they believed to be an informant and witness in a state trial in which other members of Special were prosecuted. *United States v. Dinkins*, 691 F.3d at 364-65. Goods pled not guilty to all charges and proceeded to trial. (Initial Appearance, ECF No. 113.)

After a twelve-day jury trial, Goods was found guilty on all four counts with which he was charged in the Indictment: (1) conspiracy to distribute and possess with intent to distribute controlled substances including heroin and cocaine, in violation of 21 U.SC. § 846 (Count I); (2) murder of a witness, in violation of 18 U.S.C. §§ 2, 1512(a)(1)(A) and (a)(1)(C) (Count X); (3) possessing and discharging a firearm in furtherance of the drug trafficking crime charged in Count I and the crime of violence (witness murder) charged in Count X, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(iii) (Count XI); and (4) murdering a person in the course of committing the 924(c) offense charged in Count XI, in violation on 18 U.S.C. § 924(j) (Count

XII). (Judgment, ECF No. 366.)² This Court then sentenced Goods to 40 years' imprisonment for Count I; life imprisonment for Count X, to run concurrent with Count I; and life imprisonment for Counts XI and XII, to run consecutive to Counts I and X. (*Id.*) Petitioner and his co-defendants appealed their Judgments, which the Fourth Circuit affirmed on August 14, 2012. (ECF No. 429); *United States v. Dinkins*, 691 F.3d at 362.

On October 27, 2014, Goods filed his first Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, in which he argued that his trial lawyer was ineffective in several ways which had the cumulative effect of undermining his convictions and sentence, and that the Government committed misconduct when it failed to disclose material information about a Government witness to defense counsel, in violation of *Brady v. Maryland*, 373 U.S. 93 (1963). (ECF Nos. 480, 499.) Following briefing³, the Court denied that Motion. (ECF Nos. 520-21, 532-33.) On May 22, 2017, the Fourth Circuit granted a Certificate of Appealability (ECF No. 540), but ultimately affirmed the denial of the Motion to Vacate on September 11, 2017. (ECF No. 541.)

---

² This Court notes that the numbers of the counts in the Fourth Superseding Indictment (ECF No. 100) do not match the counts as numbered in the Judgment (ECF No. 366). The Fourth Superseding Indictment reflects that Goods was charged in Counts One, Fourteen, Fifteen and Sixteen, but the Judgment lists the counts for the petitioner as Counts One, Ten, Eleven, and Twelve. Regardless of the numbering, it is clear from both documents that Goods was convicted of conspiracy to distribute narcotics, witness murder, and 924(c) and 924(j) charges.

³ 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. At the time Goods filed this first § 2255 Motion, more than a year had passed since the Judgment in his case became final, which occurred on February 19, 2013, when the United States Supreme Court denied his Petition for Writ of Certiorari. *Dinkins v. United States*, 568 U.S. 1177 (2013). However, this Court granted Goods's request to equitably toll limitations with respect to his § 2255 Motion because Goods's counsel had failed to notify him of the Supreme Court's decision to deny his Petition. (ECF No. 510.) The Court originally issued ECF No. 520, addressing a part of Petitioner's first § 2255 claim, and following a remand from the Fourth Circuit, addressed the remaining claims in ECF No. 532.

Over three years later, on October 27, 2020, Goods filed the presently pending Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing that the United States Supreme Court's rulings in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019) render 18 U.S.C. §§ 924(e)(2)(B)(ii) and (c)(3)(B), respectively, void for vagueness, such that Goods's convictions and sentences under §§ 924(c) and 924(j) are invalid. (ECF No. 597.) The Government filed a Response in opposition to Goods's Motion on January 7, 2021. (ECF No. 606.) Goods did not file a Reply.

## STANDARD OF REVIEW

This Court recognizes that the Petitioner is *pro se* and has accorded his pleadings liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27, 82 S. Ct. 468 (1962) (citing 28 U.S.C. § 2255).

The scope of a § 2255 collateral attack is far narrower than an appeal, and a "'collateral challenge may not do service for an appeal.'" *Foster v. Chatman*, 136 S. Ct. 1737, 1758 (2016) (quoting *United States v. Frady*, 456 U.S. 152, 165, 102 S. Ct. 1584 (1982)). Thus, any failure to raise a claim on direct appeal constitutes a procedural default that bars presentation of the claim in a § 2255 motion unless the petitioner can demonstrate cause and prejudice, or actual innocence. *United States v. Pettiford*, 612 F.3d 270, 280 (4th Cir. 2010); *see Dretke v. Haley*, 541

U.S. 386, 393, 124 S. Ct. 2291 (2004); *Reed v. Farley*, 512 U.S. 339, 114 S. Ct. 2291 (1994); *see also United States v. Mikalajunas*, 186 F.3d 490, 492–93 (4th Cir. 1999). Conversely, any "failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509, 123 S. Ct. 1690 (2003).

## ANALYSIS

Goods argues that his sentence must be vacated because the Supreme Court's rulings in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019) render 18 U.S.C. §§ 924(e)(2)(B)(ii) and (c)(3)(B), respectively, void for vagueness, such that Goods's convictions and sentences under §§ 924(c) and 924(j) are invalid. (ECF No. 597.) Goods's petition fails on several grounds. First, Goods has not been authorized by the United States Court of Appeals for the Fourth Circuit to bring this motion, and authorization is required to bring a second or successive § 2255 motion. Second, Goods's motion is barred by the applicable statute of limitations. Third, Goods is not entitled to relief under *Johnson* or *Davis*.

### I. Petitioner's Motion is Successive and Lacks Proper Authorization.

Under 28 U.S.C. § 2255:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); see also *Felker v. Turpin*, 518 U.S. 651, 664, 116 S. Ct. 2333, 135 L.Ed.2d 827 (1996). Absent pre-filing authorization, this Court lacks jurisdiction to consider a second or successive petition. *United States v. Winestock*, 340 F.3d 200, 205 (4th Cir. 2003).

This is the second Motion that Petitioner has filed under 28 U.S.C. § 2255. (ECF Nos. 499, 597.) This Court denied Petitioner's first Motion on the merits. (ECF Nos. 520-21, 532-33.) There is no indication that Goods has petitioned the Fourth Circuit for an order authorizing this Court to consider a second or successive application for relief, and no such authorization has been granted. Therefore, this Court does not have jurisdiction to consider Goods's instant Motion.

## II.     Petitioner's Motion is Untimely.

The Government contends that Goods's motion must be dismissed as untimely. (ECF No. 606). 28 U.S.C. § 2255(f) imposes a one-year statute of limitations for all petitions filed under § 2255. This limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* In a criminal case, a judgment of conviction becomes final upon the termination of the opportunity for further appeal. *Clay v. United States*, 537 U.S. 522, 524–25 (2003) (finding § 2255 statute of limitations begins to run "when this Court affirms a conviction on the merits" or "when the time for filing a certiorari petition expires"); *Gonzales v. Thaler*, 565 U.S. 134, 149

6

(2012) (affirming limitations period begins upon the "conclusion of direct review" or "expiration of the time for seeking such review"). The Judgment against Goods became final on February 19, 2013, when the Supreme Court denied Goods's Petition for Writ of Certiorari. *Dinkins v. United States*, 568 U.S. 1177 (2013). Goods's Motion to Vacate was not filed within one year of that date; indeed, it was filed over seven years later, on October 27, 2020. (ECF No. 597.) For this reason, 28 U.S.C. § 2255(f)(1) does not function to bring Petitioner's claim within the required timeframe.

Goods has identified several cases in which he believes the Supreme Court newly recognized an applicable right that is retroactively available to cases on collateral review. However, Goods has failed to comply with the one-year limitations period with respect to these cases, such that 28 U.S.C. § 2255(f)(3) is also inapplicable here. Goods's arguments are based on the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015) and *United States v. Davis*, 139 S. Ct. 2319 (2019), both of which were issued over a year prior to Goods's instant Motion. *Johnson* was issued on June 26, 2015, and *Davis* was issued on June 24, 2019; Goods's Motion was signed by Goods on September 22, 2020 and filed with the Court on October 27, 2020. (ECF No. 597.)

Neither of the other provisions are applicable, either. Goods does not contend that the Government has erected an unconstitutional impediment to the filing of this motion, 28 U.S.C. § 2255(f)(2), nor does he indicate that he has discovered new "facts" in support of his claim. 28 U.S.C. § 2255(f)(4). Although equitable tolling should be applied in § 2255 cases in some instances, *see Holland v. Florida*, 560 U.S. 631, 645 (2010); *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2020), there are no grounds for equitable tolling here. A petitioner is entitled

to equitable tolling if he demonstrates that: (1) he has been diligently pursuing his rights; and (2) an extraordinary circumstance stood in his way and prevented timely filing. *See Holland*, 560 U.S. at 648. The petitioner has the burden to show entitlement to equitable tolling, *id.*, and Goods has not demonstrated through his filings that either prong is satisfied. Accordingly, Goods's § 2255 petition is untimely, and no equitable tolling shall be applied.

### III.   Petitioner is Not Entitled to Relief.

Even assuming that this Court had jurisdiction to consider Goods's Motion, he is not entitled to relief under either *Johnson v. United States*, 576 U.S. 591 (2015) or *United States v. Davis*, 139 S. Ct. 2319 (2019). In *Johnson*, the court held that the Armed Career Criminal Act's residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague in defining what constitutes a "violent felony," and that imposing an increased sentence under that clause is therefore unconstitutional because it violates due process. *Johnson*, 576 U.S. at 2555-63. While *Johnson* did announce a new substantive rule that applies retroactively on collateral review, *see Welch v. United States*, 136 S. Ct. 1275 (2016), the rule from *Johnson* has no application in Goods's case because Goods was not convicted or sentenced under 18 U.S.C. § 924(e)(2)(B)(ii).

In *Davis*, the Supreme Court held that the definition of a "crime of violence" in 18 U.S.C. § 924(c)(3)(B), also known as § 924(c)(3)'s residual clause, is unconstitutionally void for vagueness, and therefore § 924(c) convictions and sentences based on the residual clause definition of "crime of violence" are invalid. *Davis*, 139 S. Ct. at 2336. Like *Johnson*, *Davis* announced a new substantive rule that applies retroactively on collateral review. *See United States v. Wilder*, --- F. App'x ----, No. 19-4231, 2020 WL 6689731, at *1 (4th Cir. Nov., 13, 2020). However, as with *Johnson*, the rule announced in *Davis* is not applicable to Goods's case

because Goods's convictions and sentences were not based on the residual clause of § 924(c)(3).

Under 18 U.S.C. § 924(c), a person who uses or carries a firearm "during and in relation to a crime of violence *or* drug trafficking crime" may be separately convicted of and sentenced for *both* the predicate violent or drug trafficking crime *and* the use or carrying of a firearm in furtherance of the predicate crime. 18 U.S.C. § 924(c)(1) (emphasis added). Section 924(c)(2) defines the term "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 et *seq.*), or Chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Section 924(c)(3), defines a "crime of violence" as "an offense that is a felony" and "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or *(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.*" 18 U.S.C. § 924(c)(3) (emphasis added). Subsection (A) of § 924(c)(3) is referred to as the "force clause" or "elements clause," while subsection (B) (emphasized above) is commonly referred to as the "residual clause." *See, e.g., United States v. Walker*, 934 F.3d 375, 377 (4th Cir. 2019). The Supreme Court's ruling in *United States v. Davis* rendered only the residual clause of 924(c)(3) invalid; the force clause's definition of "crime of violence" and § 924(c)(2)'s definition of "drug trafficking crime" remain in force, such that § 924(c) convictions based on predicate offenses which meet these definitions are valid even after *Davis*.

Goods was convicted of two 924(c)-related offenses.[4] He was found guilty of: (1) possessing and discharging a firearm in furtherance of the drug trafficking crime charged in Count I and the crime of violence (witness murder) charged in Count X, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (Count XI); and (2) murdering a person in the course of committing the 924(c) offense charged in Count XI, in violation on 19 U.S.C. § 924(j) (Count XII). (Judgment, ECF No. 366.) Goods relies on *Davis* for the proposition that his § 924(c)-related convictions are no longer valid. He is mistaken for two reasons. First, Goods's § 924(c)-related convictions are based on his participation in a conspiracy to distribute narcotics, in violation of 18 U.S.C. § 846 (Count I). Thus, the predicate offense on which his § 924(c)-related convictions are based is a "drug trafficking crime" as defined by § 924(c)(2)[5], which the *Davis* ruling did not effect. Second, Goods's § 924(c)-related convictions are also based on his participation in the murder of a witness, in violation of 18 U.S.C. § 1512(a)(1)(A) and (a)(1)(C). The Fourth Circuit has held that witness murder in violation of § 1512(a)(1) is categorically a "crime of violence" as defined by the "force clause," or subsection A, of § 924(c)(3), not the invalidated residual clause, which is subsection B of § 924(c)(3). *See United States v. Mathis*, 932 F.3d 242, 264-65 (4th Cir. 2019). Thus, the Supreme Court's ruling in *Davis* does not apply to Goods's convictions or sentences. For these reasons, even if Goods's Motion was properly

---

[4] Section 924(j) increases the penalty for committing a § 924(c) offense when the § 924(c) offender uses the firearm to kill someone. The Court shall therefore refer to Goods's convictions based on § 924(c) and (j) as his "§ 924(c)-related convictions" or his "§ 924(c)-related offenses."

[5] *See United States v. Cummings*, 937 F.3d 941, 944 (4th Cir. 1991) (adopting the reasoning of the United States Court of Appeals for the Seventh Circuit in *United States v. Diaz*, 864 F.2d 544 (7th Cir. 1988) when that court stated, "Because section 924 defines a drug trafficking crime as 'any felony violation of Federal law involving distribution,' the plain language of the statute includes the federal violation of conspiracy to distribute." 864 F.2d at 547-48); *see also United States v. Bazemore*, Crim. No. JKB-14-0479, Civil No. JKB-10-2866, 2020 WL 5653364, at *3 (D. Md. Sept. 23, 2020) (stating that a violation of 21 U.S.C. § 846 is "a felony punishable under the Controlled Substances Act" such that it falls within 924(c)(2)'s definition of a "drug trafficking crime.")).

before this Court, the merits of his § 2255 Motion (ECF No. 597) fail and the Motion must be DENIED.

## CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 597) is DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Because reasonable jurists would not find Petitioner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: February 10, 2020

                                                                           _____/s/_____
                                                                           Richard D. Bennett
                                                                           United States District Judge